ELECTRONICALLY FILED - 2020 Oct 14 3:26 PM - CHARLESTON - COMMON PLEAS - CASE#2020CP1004523

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>ERIN HAUHN AND H. JOSEPH HAUHN, III,<br><br>               Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>               Defendant. | IN THE COURT OF COMMON PLEAS<br>NINTH JUDICIAL CIRCUIT<br><br>CASE NO. 2020-CP-10-_____<br><br><br>**SUMMONS**<br>*(Jury Trial Requested)* |

TO THE ABOVE-NAMED DEFENDANT:

      YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint on the subscriber, at the address shown below, within thirty (30) days after service hereof, not including the day of such service, and if you fail to answer the complaint within the time stated above, judgment by default will be rendered against you for the relief demanded in the complaint. In addition, your answer should be filed with the court within five (5) days after service thereof.

                                      s/ Alexandra S. Williams
                                      Benjamin A. C. Traywick (SC Bar No. 74027)
                                      Alexandra S. Williams (SC Bar No. 102862)
                                      BEN TRAYWICK LAW FIRM, LLC
                                      171 Church Street, Suite 340
                                      Charleston, SC 29401
                                      T: 843-872-1709
                                      F: 843-695-7839
                                      ben@bentraywicklaw.com
                                      ali@bentraywicklaw.com

                                      AND

                                      Robert B. Hawk, Esq. (SC Bar No. 76148)
                                      HAWK & HAWK LAW FIRM
                                      P.O. Box 21571
                                      Charleston, SC 29413-1571
                                      rhawk@hawkandhawk.com
                                      T: 843-960-0090

                                      *Attorneys for the Plaintiff*

October 14, 2020
Charleston, South Carolina

**EXHIBIT A**

ELECTRONICALLY FILED - 2020 Oct 14 3:26 PM - CHARLESTON - COMMON PLEAS - CASE#2020CP1004523

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | |
| ) | CASE NO.: 2020-CP-10- |
| ERIN HAUHN AND H. JOSEPH HAUHN, III, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **COMPLAINT** |
| vs. ) | *(Jury Trial Requested)* |
| ) | |
| COSTCO WHOLESALE CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COME NOW the Plaintiffs Erin Hauhn and H. Joseph Hauhn, III, complaining of the Defendant Costco Wholesale Corporation ("Costco"), alleging as follows:

**PARTIES AND JURISDICTION**

1. Plaintiffs are citizens and residents of Charleston County, South Carolina, and complain in this action of wrongful conduct perpetrated entirely within Charleston County, resulting in injuries sustained entirely within Charleston County.

2. Defendant Costco Wholesale Corporation is a foreign corporation which owns property and conducts substantial business operations in Charleston County.

3. This Honorable Court has jurisdiction over all subject matter alleged herein and over all parties hereto, and venue is proper in this forum.

4. On or about July 8th, 2020, Plaintiff Erin Hauhn was a business invitee at the Defendant's business premises which are situated at 3050 Ashley Town Center Drive, Charleston, South Carolina.

5. As she walked into the Defendant's store, Erin Hauhn encountered a condition in the intended walkway—specifically, a poorly designed, built and/or maintained pedestrian curb

cut—which was unreasonably hazardous to pedestrians, including her. As a result of this encounter, she was thrown to the ground and suffered severe and permanent physical injuries and related damages. The Defendant created the unreasonably hazardous condition; knew or should have known about it; and failed either to eliminate it or to take reasonable steps necessary to warn or otherwise prevent the Plaintiff from encountering the condition as set forth above.

6. Defendant is solely responsible for creating, maintaining, and extending to its customers a reasonably safe environment; as set forth above, by a combination of negligent failures in its business operations, and in the design, construction, and maintenance of the premises, Defendant failed to meet its responsibilities and duties, proximately causing the Plaintiffs' injuries and losses.

## FOR A FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence/ Negligence *per se*)

7. The Plaintiffs reallege each prior paragraph of this Complaint as fully as if set forth herein verbatim.

8. The Defendant owed its customers, including Erin Hauhn, the duty to conduct all business operations in a reasonably careful fashion. As set forth above, and as shall be demonstrated more fully through discovery and at trial, the Defendant breached these duties in various particulars. The Defendant's breaches of duty include, among others:

a. Failure to take reasonable care in designing, building, and maintaining the walkway, in accordance with industry standards and building codes;

b. Failure to take reasonable care in monitoring its premises for safety hazards;

c. Failure to hire, train and supervise personnel qualified to identify and eliminate hazards;

d. Failure to provide reasonably safe premises;

2

ELECTRONICALLY FILED - 2020 Oct 14 3:26 PM - CHARLESTON - COMMON PLEAS - CASE#2020CP1004523

ELECTRONICALLY FILED - 2020 Oct 14 3:26 PM - CHARLESTON - COMMON PLEAS - CASE#2020CP1004523

    e.    Failure to take reasonable steps for the safety and security of customers;

    f.    Creation of unreasonably hazardous conditions;

    g.    Failure to warn of unreasonably hazardous conditions;

    h.    Failure to eliminate unreasonably hazardous conditions;

    i.    Failure to take even slight care, and

in such other particulars as shall be shown through discovery and at trial.

9.    These breaches of statutory and common law duties, which constitute negligence, gross negligence and/or negligence *per se*, were the proximate cause of Plaintiff Erin Hauhn's suffering various injuries and damages, including without limitation: bodily injury, past and future medical expenses, past and future lost wages, and to suffer various general damages, including but not limited to bodily injury, permanent impairment, pain and suffering, emotional distress, lost earning capacity, mental anguish and loss of the enjoyment of life, for all of which the Plaintiff is entitled to recover judgment against the Defendant.

## FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligence/Premises Liability)

10.    The Plaintiffs repeat and reallege each and every foregoing allegation as if fully set forth herein verbatim.

11.    The Plaintiff Erin Hauhn was at all times pertinent to this action a business invitee of the Defendant.

12.    As such, the Defendant owed the Plaintiff Erin Hauhn various duties, including but not limited to: refraining from creating unreasonably dangerous conditions on its premises; warning the Plaintiff of any unreasonably dangerous conditions of which it knew or should have known; taking steps to prevent the Plaintiff from encountering unreasonably dangerous conditions

3

ELECTRONICALLY FILED - 2020 Oct 14 3:26 PM - CHARLESTON - COMMON PLEAS - CASE#2020CP1004523

of which it knew or should have known, and eliminating unreasonably dangerous conditions of which it knew or should have known.

13.     As set forth above, and as shall be shown more fully through discovery and at trial, the Defendant breached its duty to Plaintiff and was, at the time and place aforementioned, negligent, grossly negligent, wanton, willful, and/or careless in proximately causing the Plaintiff to suffer injuries, in the following respects:

a.  Failure to take reasonable care in designing, building, and maintaining the walkway, in accordance with industry standards and building codes;

b.  Failure to take reasonable care in monitoring its premises for safety hazards;

c.  Failure to hire, train and supervise personnel qualified to identify and eliminate hazards;

d.  Failure to provide reasonably safe premises;

e.  Failure to take reasonable steps for the safety and security of customers;

f.  Creation of unreasonably hazardous conditions;

g.  Failure to warn of unreasonably hazardous conditions;

h.  Failure to eliminate unreasonably hazardous conditions;

i.  Failure to take even slight care, and

in such other particulars as shall be shown through discovery and at trial.

14.     As a proximate result of the Defendant's breaches of these duties, the Plaintiff Erin Hauhn suffered various injuries and, as set forth in greater detail above, and is entitled to recover judgment therefore.

4

## FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Loss of Consortium)

15. The Plaintiffs repeat and reallege each and every foregoing allegation as if fully set forth herein verbatim.

16. The Plaintiffs are and at all relevant times have been lawfully married husband and wife.

17. As a proximate result of Plaintiff Erin Hauhn's injuries, suffered due to the negligent and wrongful conduct of the Defendant, Plaintiff Joe Hauhn has suffered and will continue to suffer the loss of his wife's companionship, fellowship and assistance, comfort, company, society and services.

18. Accordingly, Plaintiff Joe Hauhn is entitled to a judgment against the Defendant for these injuries and losses, and all damages flowing therefrom.

WHEREFORE, the Plaintiffs pray that the Court enter judgment in their favor against the Defendant, for all recoverable special, general, actual, consequential, statutory and other recoverable damages; for punitive damages if the jury deems them appropriate; for costs and fees; and for such other and further relief as this Court may deem just and proper. The Plaintiffs also request a jury trial.

**[Signature block on following page.]**

5

ELECTRONICALLY FILED - 2020 Oct 14 3:26 PM - CHARLESTON - COMMON PLEAS - CASE#2020CP1004523

ELECTRONICALLY FILED - 2020 Oct 14 3:26 PM - CHARLESTON - COMMON PLEAS - CASE#2020CP1004523

        s/ Alexandra S. Williams
        ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Benjamin A. C. Traywick (SC Bar No. 74027)
Alexandra S. Williams (SC Bar No. 102862)
BEN TRAYWICK LAW FIRM, LLC
171 Church Street, Suite 340
Charleston, SC 29401
T:  843-872-1709
F:  843-695-7839
ben@bentraywicklaw.com
ali@bentraywicklaw.com

AND

Robert B. Hawk, Esq. (SC Bar No. 76148)
HAWK & HAWK LAW FIRM
P.O. Box 21571
Charleston, SC 29413-1571
rhawk@hawkandhawk.com
T: 843-960-0090

*Attorneys for the Plaintiff*

October 14, 2020
Charleston, South Carolina

6

ELECTRONICALLY FILED - 2020 Nov 30 7:04 PM - CHARLESTON - COMMON PLEAS - CASE#2020CP1004523

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>ERIN HAUHN AND H. JOSEPH HAUHN, III,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | IN THE COURT OF COMMON PLEAS<br>NINTH JUDICIAL CIRCUIT<br><br>CASE NO. 2020-CP-10-04523<br><br><br>**PROOF OF SERVICE BY CERTIFIED MAIL** |

The Plaintiffs, by and through their undersigned counsel, certify that on November 16, 2020, CT Corporation System, as Registered Agent for Costco Wholesale Corporation, was served by with a copy of the Summons and Complaint by certified mail, restricted delivery, return receipt requested in the United States Mail, with proper postage attached, addressed. The return receipt is filed herewith as **Exhibit 1**.

*s/ Alexandra S. Williams*
Benjamin A. C. Traywick (SC Bar No. 74027)
Alexandra S. Williams (SC Bar No. 102862)
BEN TRAYWICK LAW FIRM, LLC
171 Church Street, Suite 340
Charleston, SC 29401
T:  843-872-1709
F:  843-695-7839
ben@bentraywicklaw.com
ali@bentraywicklaw.com

AND

Robert B. Hawk, Esq. (SC Bar No. 76148)
HAWK & HAWK LAW FIRM
P.O. Box 21571
Charleston, SC 29413-1571
rhawk@hawkandhawk.com
T: 843-960-0090

*Attorneys for the Plaintiff*

November 30, 2020
Charleston, South Carolina

# **EXHIBIT 1**

ELECTRONICALLY FILED - 2020 Nov 30 7:04 PM - CHARLESTON - COMMON PLEAS - CASE#2020CP1004523

ELECTRONICALLY FILED - 2020 Nov 30 7:04 PM - CHARLESTON - COMMON PLEAS - CASE#2020CP1004523



Hauhn - S&C

Ben Traywick Law Firm, LLC
171 Church Street Suite 340
Charleston SC 29401

